UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE NATHANIEL GLYNN,

Plaintiff,

-against-

EVERY MALE UNIFORMED NEW YORK
CITY POLICE DEPARTMENT OFFICER;
JESSICA TISCH, Commissioner,

Defendants.

26-CV-3231 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. By separate order, the Court grants Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint and directs Plaintiff to show cause why he should not be barred, as of the date of this order, from filing any action *in forma pauperis* in this Court without prior permission.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff Jermaine Nathaniel Glynn, who resides in Bronx County, New York, brings this action against New York City Police Department (NYPD) Commissioner Jessica Tisch, and "Every Male Uniformed New York City Police Department Officer."

Plaintiff states that his claims arose on unspecified dates in the Bronx, Brooklyn, Queens, Manhattan, and Staten Island. He alleges the following:

> Upon investigation 3 eyewitnesses has seen every male uniformed New York City police department officer become very angry with their fellow man and they deliberately murdered them.

(ECF 1 at 5.)

> In terms of the relief that he seeks, Plaintiff states:

> Judgment as a matter of law: mandatory restitution six hundred fourty three million dollars $643000000. and death sentence 18 USC 1111 (b): within the special maritime and territorial jurisdiction of the united states every male uniformed New York City police department officer who is guilty of murder in the first degree shall be punished by death Jessica Tisch appoint chiefs of the army to lead the people.

(*Id.* at 6.)

## DISCUSSION

A court must dismiss an action filed *in forma pauperis* if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational and there is no legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## ORDER TO SHOW CAUSE

In the past week, Plaintiff has brought more than a dozen actions, including this one. *See*, *e.g.*, *Glynn v. Carter*, No. 26-CV-3234 (S.D.N.Y. filed Apr. 20, 2026); *Glynn et al v. Reyes*, No. 26-CV-3233 (S.D.N.Y. filed Apr. 20, 2026); *Glynn v. City of New York*, No. 26-CV-3232 (S.D.N.Y. filed Apr. 20, 2026); *Glynn et al. v. Latour*, No. 26-CV-3229 (S.D.N.Y. filed Apr. 20, 2026); *Glynn v. Lieber*, No. 26-CV-3228 (S.D.N.Y. filed Apr. 17, 2026); *Glynn v. Splane*, No. 26-CV-3156 (S.D.N.Y. filed Apr. 16, 2026); *Glynn v. Wilson*, No. 26-CV-3155 (S.D.N.Y. filed Apr. 16, 2026); *Glynn v. Trump Sr.*, No. 26-CV-3153 (S.D.N.Y. filed Apr. 16, 2026); *Glynn v. Tisch*, No. 26-CV-3088 (S.D.N.Y. filed Apr. 15, 2026); *Glynn v. Trump Sr.*, No. 26-CV-3076 (S.D.N.Y. filed Apr. 15, 2026); *Glynn v. Roberts Junior*, No. 26-CV-3074 (S.D.N.Y. filed Apr. 15, 2026); *Glynn v. Pichai*, No. 26-CV-3069 (S.D.N.Y. filed Apr. 14, 2026).

Several of these already have been dismissed as frivolous. *See, e.g., Glynn v. Splane*, No. 26-CV-3156 (S.D.N.Y. Apr. 21, 2026); *Glynn v. Wilson*, No. 26-CV-3155 (S.D.N.Y. Apr. 21, 2026). Plaintiff was warned in *Splane*, No. 26-CV-3156, that continuing to file vexatious or frivolous litigation in this court could result in an order barring him from filing new actions *in forma pauperis* unless he receives prior permission from the court to file a new action. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

In light of this litigation history, and Plaintiff's apparent abuse of the privilege of proceeding *in forma pauperis*, Plaintiff is ordered to show cause why he should not be barred, effective as of the date of this order, from filing any further *in forma pauperis* actions in this court without first obtaining permission from the court. Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why this pre-filing injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred effective as of the date of this order from filing further *in forma pauperis* actions in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff, effective as of the date of this order, from filing any action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 24, 2026
          New York, New York

              /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____           _____
Executed on (date)                 Signature

_____           _____
Name                               Prison Identification # (if incarcerated)

_____           _____
Address            City                    State        Zip Code

_____           _____
Telephone Number (if available)    E-mail Address (if available)